FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 19 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against –

JOSE ONCE CALDERON,

Defendant.

---

11-CR-417

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On June 21, 2011, Jose Once Calderon pled guilty to Count One of a single-count indictment, which charged that on or about October 17, 2009, Once, an alien who had previously been deported from the United States after a conviction for the commission of a felony, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to Once's applying for admission, in violation of 8 U.S.C. § 1326.

Once was sentenced on October 17, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 10 and defendant's criminal history category to be category III, yielding a Guidelines range of imprisonment of between ten and sixteen months, or five months of imprisonment followed by a term of supervised release with a special condition requiring five months of community confinement or home detention. The maximum term of imprisonment is 10 years. 8 U.S.C. § 1326(b)(1). The maximum fine is $250,000. 18 U.S.C. § 3571(b)(3).

Once was sentenced to time served and to three years of supervised release. The sentence was stayed for ten days so that deportation proceedings against defendant could proceed expeditiously. A special assessment of $100 was imposed. No fine was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). While the offense is a serious one, the defendant has already been imprisoned for more than seven months, and is going to be deported. He is a citizen of Mexico, has a sixth grade education, and came to this country to find work. Since arriving, he has worked in construction and as a day laborer. He and his girlfriend have a young son; he provided for the family before being arrested for the instant offense. Defendant's girlfriend and their child have been receiving assistance from members of her family since defendant's arrest. He does not have substantial relationships with his parents, from whom he is estranged, or with his sisters, who live in Mexico. Defendant has had problems with drinking; he has had three convictions and one additional arrest related to his consumption of alcohol. He was deported from the United States in 2006 after pleading guilty in Illinois state court to driving under the influence of alcohol with a suspended or revoked license.

As defendant has already been incarcerated for a substantial period, a sentence of time served and supervise release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of imprisonment defendant has had to serve to this point. The sentence will send a clear message that the illegal reentry into the United States will result in punishment. Specific deterrence is achieved through the imprisonment that defendant has already served.

Jack B. Weinstein
Senior United States District Judge

Dated: October 18, 2011
      Brooklyn, New York